No. 92-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JUNELLE HARTMAN,

      Plaintiff and Appellant,

  v.

SUBARU OF BILLINGS, INC.,

      Defendant and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Roy W. Johnson, Attorney at Law,
            Billings, Montana

      For Respondent:

            Robert Edd Lee, Crowley, Haughey, Hanson,
            Toole & Dietrich, Billings, Montana

Submitted on Briefs:  November 12, 1992

Decided:  December 30, 1992

Filed:

FILED

DEC 30 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
           Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Junelle Hartman appeals from the Findings of Fact and Conclusions of Law and Order of the Thirteenth Judicial District Court, Yellowstone County, ruling that appellant did not effectively revoke her acceptance of her vehicle, that she received adequate notice by First Interstate Bank of Billings of its intent to sell her vehicle to satisfy the loan used to purchase the vehicle, and that respondent is entitled to attorney fees.

We affirm.

Appellant presents three issues for this Court to review.

1. Was appellant entitled to revoke her acceptance of a used vehicle purchased "as is" due to a non-conformity of goods pursuant to § 30-2-608, MCA?

2. Was appellant given adequate notice of the sale of the returned vehicle?

3. Was respondent entitled to attorney fees?

On October 11, 1988, appellant purchased a 1984 Cutlass Cierra from respondent Subaru of Billings. The vehicle was sold "as is," with no warranties, for $9,995. Appellant traded in her 1984 Oldsmobile Omega and borrowed $9,058.90 from First Interstate Bank of Billings for the purchase. First Interstate placed a lien on the vehicle to ensure payment of the loan. Appellant also purchased a service contract on the vehicle from respondent.

Apparently, appellant began having problems with the vehicle, mainly that the engine did not idle properly. She returned the

2

vehicle to respondent on several occasions for various repairs under the service contract, but respondent was unsuccessful in correcting the problem with the idle. On one occasion, appellant had to use a rental car to go to a wedding in Nevada because the vehicle was in the shop for repairs.

During this period, appellant had difficulty making the loan payments. In April 1989, she defaulted on her loan for the vehicle. On May 19, 1989, appellant returned the vehicle to respondent and also hand-delivered to an employee of respondent her notice of revocation of the vehicle on the basis of nonconformity.

On May 23, 1989, First Interstate Bank mailed notice to appellant that the bank had repossessed the vehicle, which would be offered for sale on or after June 2, 1989. Appellant signed a return receipt of delivery of the letter on May 30, 1989. On June 21, 1989, First Interstate assigned the loan to respondent.

Respondent sold the vehicle on November 10, 1989, for $4950. Appellant still owed approximately $8787 on the vehicle loan. Respondent spent $51.47 reconditioning the vehicle for resale. Respondent credited appellant $265 from the unused portion of the service contract. Appellant owed a deficiency judgment of approximately $3623 to respondent.

On August 31, 1990, appellant filed her complaint in District Court. On June 11, 1991, a bench trial was held on the matter.

## I

Was appellant entitled to revoke her acceptance of a used vehicle purchased "as is" due to a nonconformity of goods pursuant to § 30-2-608, MCA?

Section 30-2-608(2), MCA, provides:

> Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

In this instance, appellant gave her notice of revocation on May 19, 1989, one month after she defaulted on the bank loan in April 1989. We hold that as a matter of law appellant's notice of revocation was not timely.

## II

Was appellant given adequate notice of the sale of the returned vehicle?

Section 30-9-504(3)(a), MCA, states in pertinent part:

> [R]easonable notification of the time and place of any public sale or <u>reasonable notification of the time after which any private sale or other intended disposition</u> is to be made shall be sent by the secured party to the debtor . . . . [Emphasis added.]

Respondent determined that the highest and best means of assuring appellant the fullest benefit of the value of the collateral would be accomplished by disposing of the vehicle through a retail lot sale. Although the security agreement called for appellant to receive ten days notice prior to the sale of the

4

property, appellant received actual notice of the time of sale only three days before respondent intended to sell the vehicle. Even so, the sale of the vehicle occurred approximately six months after the intended date of the sale. Appellant was not prejudiced by the notice because she had ample opportunity to cure her debt and reclaim the vehicle. We hold that appellant received adequate notice.

## III

Was respondent entitled to attorney fees?

The financing agreement signed by appellant and First Interstate Bank of Billings provided for attorney fees in the event there was a breach of contract. The District Court awarded respondent $1155 in fees. We hold that it was proper for the District Court to grant attorney fees to respondent and that those fees were reasonable.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

5

We concur:

_____
John Conway Harrison

_____
Karla M. Gray

_____
R. C. McDonough

_____
Justices

December 30, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

ROY W. JOHNSON
Attorney at Law
926 Main, Suite #9
Billings, MT  59105

Robert Edd Lee
CROWLEY, HAUGHEY, HANSON, TOOLE & DIETRICH
P.O. BOX 2529
Billings, MT  59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy